UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| CESSNA FINANCE CORPORATION,<br><br>                Petitioner,<br><br>      v.<br><br>GULF JET LLC, KHALID MOHAMMAD SAEED AL MULLA, and HUSSEIN MOHAMED SALEM AL MEEZA,<br><br>                Respondents. | 1:14-cv-02149 (ALC) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION FOR <u>SUMMARY JUDGMENT</u>**

Robert L. Weigel
Anne M. Coyle
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: 212.3 51.4000
Facsimile: 212.351.4035
RWeigel@gibsondunn.com

*Attorneys for Petitioner Cessna Finance Corporation*

## TABLE OF CONTENTS

                                                    <u>Page</u>

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 1

    A.    The Arbitration and the Award ...................................................................................... 1

    B.    All Respondents Were Properly Served but Have Failed to Answer ............................. 2

ARGUMENT .................................................................................................................................. 3

    A.    This Court Has Jurisdiction over Respondents ............................................................. 3

    B.    Confirmation of the Award is Appropriate .................................................................... 4

CONCLUSION ............................................................................................................................... 6

# TABLE OF AUTHORITIES

Page

**Cases**

*D.H. Blair & Co., Inc. v. Gottdiener*,
  462 F.3d 95 (2d Cir. 2006) ............................................................................................. 4, 5

*Doctor's Assocs., Inc. v. Stuart*,
  85 F.3d 975 (2d Cir. 1996) ................................................................................................ 3

*Folkways Music Publishers, Inc. v. Weiss*,
  989 F.2d 108 (2d Cir. 1993) .............................................................................................. 5

*Glara Fashion, Inc. v. Holder*,
  No. 11 Civ. 889 (PAE), 2012 WL 352309 (S.D.N.Y Feb. 3, 2012) ................................... 4

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
  456 U.S. 694 (1982) .......................................................................................................... 3

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos*,
  553 F.2d 842 (2d Cir.1977) ............................................................................................... 3

*Stolt Tankers BV v. Allianz Seguros, S.A.*,
  No. 11 Civ. 2331 (SAS), 2011 WL 2436662 (S.D.N.Y. June 16, 2011) ........................... 3

*Victory Transp. Inc. v. Comisaria General de Abastecimientos y Transportes*,
  336 F.2d 354 (2d Cir. 1964), *cert. denied*,
  381 U.S. 934 (1965) .......................................................................................................... 3

**Statutes**

28 U.S.C. § 1331 ...................................................................................................................... 3

28 U.S.C. § 1332 ...................................................................................................................... 4

9 U.S.C. §§ 202-203 ................................................................................................................ 3

**Rules**

Fed. R. Civ. P. 12(a)(1)(A) ...................................................................................................... 3

Fed. R. Civ. P. 56 ..................................................................................................................... 4

S.D.N.Y. Local Civil Rule 56.1 ............................................................................................... 4

**PRELIMINARY STATEMENT**

Plaintiff Cessna Finance Corporation ("CFC," "Cessna," or "Petitioner") submits this memorandum of law in support of its motion, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, for summary judgment against Respondents Gulf Jet LLC ("Gulf Jet"), Khalid Mohammad Saeed Al Mulla ("A1 Mulla") and Hussein Mohamed Salem Al Meeza ("A1 Meeza") (together, "Respondents").

**STATEMENT OF FACTS**

**A.   The Arbitration and the Award**

The underlying facts giving rise to this action are set forth in greater detail in CFC's Petition. Ex. 1.[1] In short, on January 17, 2014, an International Chamber of Commerce ("ICC") arbitral tribunal ("ICC Tribunal") comprised of the Honorable John Judge, a respected Canadian arbitrator appointed by the ICC, found Respondents jointly and severally liable for breaching a set of agreements between the parties relating to Gulf Jet's lease of two Cessna airplanes. The ICC Tribunal awarded CFC $9,644,659.05, plus post-Award interest and declaratory relief, jointly and severally against each Respondent (the "Award"). Ex. 8.

Each of the Respondents initially appeared through counsel in the arbitration. Gulf Jet and Al Meeza objected to the ICC Tribunal's jurisdiction and filed a motion seeking to terminate the arbitration. The ICC Tribunal denied their motion and indicated that it would hear those objections during the merits phase of the arbitration, as is typical in international arbitrations. Gulf and Al Meeza thereafter stopped appearing despite receiving notice of all subsequent events. Al Mulla participated in the pre-hearing stages of the arbitration, including agreeing to

---

[1] All Exhibits referenced herein are attached to the Declaration of Anne Coyle, dated July 7, 2014.

(but not signing) the terms of reference (a standard procedural document in ICC arbitrations), participating in conference calls with the ICC Tribunal and filing a pre-hearing memorial in opposition to CFC's Statement of Claim. Al Mulla did not appear at the hearing or further participate in the arbitration.

The ICC Tribunal noted the Respondents' participation and concluded that "the Respondents sought to undermine the arbitral process rather than in good faith abide by their agreement to arbitrate." *Id.* ¶ 232. Further, "[w]hen the efforts to undermine the arbitral process did not succeed, the Respondents then withdrew active participation." *Id.* (awarding CFC its costs in the arbitration, including legal fees).

The ICC Tribunal ensured Respondents were nevertheless notified of all arbitration events and correspondence. CFC, likewise, sent copies of all of its submissions and correspondence to the Respondents, using the Dubai mailing addresses Respondents provided to CFC in the underlying lease and guaranty agreements, and to their counsel.

**B.      All Respondents Were Properly Served but Have Failed to Answer**

CFC commenced this action by petitioning this Court to confirm an arbitration award on March 26, 2014. *See* Ex. 1. Copies of the Petition, summons, and accompanying documents were sent to Respondents' last known addresses by Federal Express; certification of which was filed by the Clerk of the Court. *See* Ex. 9. Federal Express was unable to deliver the mailings to the addresses provided by Respondents, and returned them to CFC. CFC also sent copies to Respondents' counsel, but they gave no indication of accepting service.

Because service by mail failed, and because UAE is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965 [1969] 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Service Convention"), CFC moved for alternate service via e-mail. *See* Dkt. No. 9. This Court

2

ordered service by e-mail (Ex. 10), and CFC served the summons and Petition by e-mail as ordered on May 1, 2014.  *See* Ex. 11 (CFC certification, dated May 15, 2014).

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, the deadline for the Respondents to respond to the Petition was May 22, 2014.  CFC has not agreed to, nor have the Respondents requested, any extension of time to answer.  To date, the Respondents have not appeared in this action.

## ARGUMENT

**A.     This Court Has Jurisdiction over Respondents**

A party may give express or implied consent to the personal jurisdiction of a court.  *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982).  Under long-standing Second Circuit precedent, a foreign party that agrees to arbitrate in New York impliedly consents to the personal jurisdiction of the courts in the state.  *See Victory Transp. Inc. v. Comisaria General de Abastecimientos y Transportes*, 336 F.2d 354, 363 (2d Cir. 1964), *cert. denied*, 381 U.S. 934 (1965) ("By agreeing to arbitrate in New York, where the [Federal Arbitration Act] makes such agreements specifically enforceable, the [foreign party] must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in New York.  To hold otherwise would be to render the arbitration clause a nullity."); *see also Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 979 (2d Cir. 1996); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos*, 553 F.2d 842, 844 (2d Cir.1977); *Stolt Tankers BV v. Allianz Seguros, S.A.*, No. 11 Civ. 2331 (SAS), 2011 WL 2436662, at *2 (S.D.N.Y. June 16, 2011) ("The Second Circuit has repeatedly upheld the rule that arbitration forum clauses confer personal jurisdiction by consent.").

This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 as this arbitration falls within the New York Convention.  *See* 9 U.S.C. §§ 202-203.  Further, this Court

has subject matter jurisdiction under 28 U.S.C. § 1332: CFC is a citizen of Kansas, Respondents are citizens of a foreign state, and the matter in controversy exceeds the sum of $75,000.

**B.      Confirmation of the Award is Appropriate**

CFC is entitled to confirmation of the Award under the summary judgment standard. Summary judgment motions (opposed or unopposed) can be granted where the record demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment is appropriate where "the entire case on review is a question of law." *See Glara Fashion, Inc. v. Holder*, No. 11 Civ. 889 (PAE), 2012 WL 352309 at *5 (S.D.N.Y Feb. 3, 2012) (citation and quotation marks omitted).

CFC's motion for summary judgment is unopposed.  "[G]enerally a district court should treat an unanswered . . . petition to confirm/vacate as an *unopposed* motion for summary judgment." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (emphasis added).  CFC properly served Respondents with the summons and Petition, but they have strategically decided to ignore that notice.

Although the legal standard is the same, unopposed summary judgment motions face fewer challenges than opposed summary judgment motions.  Movant's statement of material facts are "deemed to be admitted for purposes of the motion unless specifically controverted" by the opposing party.  S.D.N.Y. Local Civil Rule 56.1; *see also* Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion, . . . the court may consider the fact undisputed for purposes of the motion.").  Indeed, "[i]f the non-movant does not respond, its failure to contest issues not resolved by the record will weigh against it." *D.H. Blair & Co.*, 462

4

F.3d at 109 (confirming an arbitral award on a summary judgment motion against a non-opposing party).

As there is no question of fact and CFC's allegations are deemed admitted, confirmation of the Award is appropriate. "Confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court' and the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" *Id.* at 110 (citations omitted). In fact, "[o]nly 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." *Id.* (citation omitted); *see also Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993) ("Arbitration awards are subject to very limited review . . . .").

Here, the ICC Tribunal issued a reasoned Award in accordance with the parties' arbitration agreements and supported by the testimonial and documentary evidence presented by the parties. The ICC Tribunal heard six witnesses and reviewed over 500 pages of exhibits. Despite Respondents' strategic choice not to attend the hearing, the ICC Tribunal considered their substantive and jurisdictional defenses during the merits phase of the arbitration. The ICC Tribunal also gave Respondents ample opportunities to participate or to bring objections to the ICC Court, which supervises all ICC arbitrations, but Respondents did not do so. Respondents have not disputed any of these facts—indeed, they have not appeared at all.

The Petition alleges that CFC was awarded $9,644,659.05 plus post-Award interest and declaratory relief in the ICC arbitration, as is plain from the face of the Award. Ex.1 ¶ 1. It further alleges that the arbitration was conducted according to the arbitration agreements made between the parties and the applicable law and arbitral rules. *Id.* ¶ 17. The Respondents were notified of every stage of the arbitration and received all correspondence, even after they

5

deliberately abandoned the arbitration. *Id.* ¶¶ 17, 21. Al Mulla in fact participated in most of the pre-hearing stages of the arbitration, including submitting a Reply Memorial in response to CFC's Statement of Claim and agreeing to share hearing costs, but chose not to appear at the hearing (never in fact paying its share, *see id.* ¶ 24). *Id.* ¶ 19.

The ICC Tribunal conducted a full hearing, including questioning CFC's witnesses on the defenses submitted by Respondents before the hearing. *Id.* ¶ 22. The ICC Tribunal also considered the Respondents' jurisdictional objections and determined that it had jurisdiction. *Id.* ¶ 22. Finally, the ICC issued the Award, finding each of the Respondents jointly and severally liable for amounts owed under the Lease and Guaranty Agreements. In accordance with the ICC arbitration rules, the ICC Court of Arbitration reviewed and approved the Award. Based on these uncontroverted facts, CFC respectfully requests that the Award be confirmed.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests an order: (a) Granting Petitioner's motion for summary judgment; (b) confirming the Award; (c) finding Respondents jointly and severally liable to CFC for $9,644,659.05 plus post-Award interest and statutory post-Judgment interest; and (d) granting such other relief as this Court may deem just and proper.

Dated: New York, New York
July 7, 2014

        GIBSON, DUNN & CRUTCHER LLP

By:    /s/ Robert L. Weigel
       Robert L. Weigel
       Anne M. Coyle

       200 Park Avenue, 47th Floor
       New York, New York 10166-0193
       Telephone: 212.351.4000
       Facsimile: 212.351.4035
       RWeigel@gibsondunn.com

*Attorneys for Petitioner*
*Cessna Finance Corporation*