USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 6/2/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**CESSNA FINANCE CORPORATION,**

        **Petitioner,**

    -against-

**GULF JET LLC, ET AL.,**

        **Respondents.**

---

1:14-CV-02149-ALC

**Order Granting Substitution**

**ANDREW L. CARTER, JR., District Judge:**

On March 26, 2014, Petitioner Cessna Finance Corporation ("Cessna") filed a petition with this Court to confirm an arbitration award. ECF No. 1. On January 26, 2015 and February 2, 2015, respectively, the Court granted Petitioner's motion for summary judgment and confirmed the arbitration award, and also issued judgment ordering Respondents to pay $9,644,659.05 plus accrued interest.[1] ECF No. 25, 26. On October 25, 2019, Cessna unconditionally assigned all of its rights, title, and interest in the arbitration award and judgment to CesFin Ventures, LLC ("CesFin"). ECF No. 32-1 ("Confirmation of Assignment"). On March 3, 2021, Cessna filed Notice of the Confirmation of Assignment, which included a copy of the Confirmation of Assignment, to notify "Respondents and their attorneys . . . that CesFin is the real party in interest to pursue enforcement proceedings." ECF No. 30; DiBlasi Decl. ¶¶ 7–8.

On March 4, 2021, Petitioner moved to substitute parties, requesting this Court grant a motion substituting CesFin for Cessna as the new petitioner in this action. ECF Nos. 30–34. Respondents did not respond to or otherwise oppose the motion. On April 30, 2021, this Court ordered Respondents to show cause why the motion should not be treated as unopposed. ECF

---

[1] The accrued interest is outlined in greater detail in the Final Judgment. ECF No. 26.

1

No. 35. Respondents did not respond to that court order. This Court directed Petitioner to serve its motion, to include notice of a May 25, 2021 hearing, on Respondents in accordance with Fed. R. Civ. P. 25(a)(3).[2] ECF No. 36. On May 21, 2021, Petitioner filed proof of service, which included notice of hearing. ECF No. 37. Respondents did not appear for the hearing. The Court therefore treats this motion as unopposed. Following the hearing, Petitioner filed a supplemental declaration containing additional legal authority and pages of the Confirmation of Assignment countersigned by CesFin. ECF No. 38-1, 38-2.

Under Fed. R. Civ. P. 25(c), "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party" and "[t]he motion must be served as provided in Rule 25(a)(3)." The decision to substitute a successor in interest is "generally within the sound discretion of the trial court." *Organic Cow, LLC v. Ctr. For New England Dairy Compact Rsch.*, 335 F.3d 66, 71 (2d Cir. 2003) (quoting cases). "Although granting substitution of one party in litigation for another under Rule 25(c) is a discretionary matter for the trial court . . . such discretion may not be abused by allowing substitution in the absence of a transfer of interest." *In re Chalasani*, 92 F.3d 1300, 1312 (2d Cir. 1996) (citation omitted). A court should consider "whether substitution will expedite and simplify the action." *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 451 F.Supp.3d 294, 298 (S.D.N.Y. 2020) (citing *In re Rates - Viper Patent Litig.*, 2011 WL 856261, at *1 (S.D.N.Y. March 10, 2011)).

Petitioner has provided proof of a transfer of interest between Cessna and CesFin. The Confirmation of Assignment provides that Cessna has "unconditionally assigned, granted, sold,

---

[2] Fed. R. Civ. P. 25(a)(3) ("A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.").

transferred and set over . . . all of the rights, title and interest [it] has in and respect of the" Award in the amount of $9,644,659.05 (plus accrued interest) and the Judgment granting Cessna's motion "to confirm the Arbitration Award . . . together with all the rights, interests or remedies that arise from or otherwise relate to the Judgment." ECF No. 30 at 7. It further states that CesFin is "the owner of the Arbitration Award in ICC Case Number 18769/VRO/AGF and the Judgment entered on February 2, 2019 and thus has all the rights, title and interest of Cessna . . . to execute the Arbitration Award . . . and the Judgment . . . and to pursue enforcement and collection rights against [Respondents] in any jurisdiction." *Id.* Respondents do not dispute that the transfer of interest has occurred; that CesFin is now owner of all rights, title and interest in the arbitration award and judgment; or that substitution would not expedite or simplify the action. The Court has no reason to believe that substitution of CesFin to pursue enforcement proceedings would not expedite or simplify this action. Petitioner also completed service in accordance with Rule 25(a)(3). ECF No. 37.

For the foregoing reasons, Petitioner's motion to substitute parties is hereby GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 31.

**SO ORDERED.**

**Dated**: June 2, 2021
New York, New York

The Hon. Andrew L. Carter, Jr.
United States District Judge